UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MATTHEW CURTIS KING,

    Plaintiff,

v.                                    Case No.  5:25-cv-239-MW-MJF

AUTUMN MILLER, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

The undersigned recommends that the District Court dismiss this civil action without prejudice because Plaintiff failed to comply with two court orders and failed to pay the filing fee despite his ability to do so.

### BACKGROUND

Plaintiff is a pretrial detainee confined at the Bay County Jail. Doc. 1 at 2–3 in ECF. Plaintiff initiated this civil action on September 3, 2025, by filing a civil-rights complaint and a motion for leave to proceed *in forma pauperis* ("IFP"). Docs. 1, 2. Plaintiff is suing Autumn Miller, the attorney representing Plaintiff in his underlying state-court criminal case, and the Office of Criminal Conflict and Civil Regional Counsel.

Plaintiff alleges that Defendants violated Plaintiff's rights under the Sixth and Fourteenth Amendments because Miller represented Plaintiff despite a known conflict of interest—her participation in a local law enforcement investigation of Plaintiff. Doc. 1 at 4–5 in ECF. Plaintiff is seeking $10,000.00 in "pain and suffering." *Id.* at 5.

Plaintiff's IFP application included a financial affidavit signed by Plaintiff on September 3, 2025, under penalty of perjury. Doc. 2. Plaintiff stated in his financial affidavit that he had $4,472.40 in a checking or savings account. *Id.* at 2.

On September 10, 2025, the undersigned determined that because Plaintiff had sufficient funds to pay the $405.00 filing and administrative fees, he did not qualify to proceed *in forma pauperis*. Doc. 4. Accordingly, the undersigned denied Plaintiff's motion for leave to proceed *in forma pauperis* and ordered Plaintiff to pay the $405.00 filing and administrative fees by October 10, 2025. *Id*. The undersigned warned Plaintiff that failure to comply with the order likely would result in this case being dismissed.

Plaintiff did not pay the filing fee. Accordingly, on October 21, 2025, the undersigned ordered Plaintiff to show cause why this case should not

be dismissed for failure to pay the filing fee and failure to comply with an order of this court. Doc. 5. The undersigned warned Plaintiff: "**Plaintiff's response must be accompanied by payment in the amount of $405.00**." *Id*. at 2. The undersigned also warned Plaintiff that failure to comply with the order likely would result in dismissal of this case.

Plaintiff has not paid the filing fee. Instead, Plaintiff has requested another IFP application and an extension of time to submit a new IFP application. Doc. 6. Plaintiff alleges that: (1) he "liquidated" his checking account; (2) he "re-submitted" an IFP application to this court in early October and attested he no longer had funds in the account; (3) this court incorrectly filed the IFP application in a closed case, *King v. Daffin*, No. 5:25-cv-151-AW-MJF; and (4) Plaintiff should not be penalized for this court's "mis-action" because "the court [is] at fault." Doc. 6 at 1.

The undersigned has reviewed the IFP motion that was filed in Case No. 5:25-cv-151-AW-MJF. A copy of the first page of that motion is attached to this report and recommendation. *See* Attach. 1; *see also* No. 5:25-cv-151, Doc. 6 (complete document). It was *Plaintiff* who wrote the case number of the *closed* case on the IFP motion in black ink (as opposed to the blue ink used by court personnel).

## DISCUSSION

The statutory fees for commencing a civil action in a federal district court total $405.00. *See* 28 U.S.C. § 1914(a), (b) (Judicial Conf. Schedule of Fees, District Court Misc. Fee Schedule, ¶ 14 (eff. Dec. 1, 2023)). The *in forma pauperis* statute provides that a district court "may authorize the commencement . . . of any suit . . . without prepayment of fees . . . by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees." 28 U.S.C. § 1915(a)(1). The essential question is whether "the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004).

"Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss an action, or any claim within it, "[i]f a party fails to comply with an applicable rule or a court order"). A district court also may dismiss a civil action when a

plaintiff fails to pay the filing fee. *See* 28 U.S.C. § 1915(a); N.D. Fla. Loc. R. 5.3; *Wilson v. Sargent*, 313 F.3d 1315, 1320-21 (11th Cir. 2002).

Plaintiff has failed to comply with two court orders and has failed to pay the filing fee. The record in this case, including Plaintiff's own statements, confirm that Plaintiff had sufficient funds to pay the filing fee at the time he filed this lawsuit. *See* Doc. 2. Despite having sufficient funds, Plaintiff moved to proceed IFP and then, after being ordered to pay the fee, "liquidated" the account to avoid paying the fee and executed a new financial affidavit claiming indigency.

Plaintiff's failure to pay the filing fee—and his failure to comply with court orders to do so—was not caused by circumstances beyond his control, but by his own actions. *Walker v. Powell*, 351 F. App'x 384, 386 (11th Cir. 2009) ("When [the p]laintiff's own statements prove that he did not comply with a court order and that compliance was within his control, no further investigation is needed."). Plaintiff's actions do not excuse his failure to comply with court orders to pay the filing fee.

An appropriate sanction for Plaintiff's failure to comply with court orders and failure to pay the filing fee is to dismiss this case without prejudice. *See Wilson*, 313 F.3d at 1321 n.7 ("If the court determines that

[the prisoner] is unable to pay the partial filing fee at the time of collection because he intentionally depleted his account to avoid payment, the court in its sound discretion may dismiss the action." (citing *Collier v. Tatum*, 722 F.2d 653, 655-56 (11th Cir. 1983))); *see also Walker*, 351 F. App'x at 386 (dismissing prisoner's complaint for failure to comply with court order to make monthly partial filing fee payments where prisoner's account statements demonstrated that he used the funds for canteen purchases instead of filing fee payments); *Lumbert v. Ill. Dep't of Corr.*, 827 F.2d 257, 260 (7th Cir. 1987) ("A suit not worth $7.20 to an inmate who could pay this fee is unlikely to be worth the time of the courts. If the inmate thinks that a more worthwhile use of his funds would be to buy peanuts and candy (two of the items that, the record shows, Lumbert has purchased from the prison commissary) than to file a civil rights suit, he has demonstrated an implied evaluation of the suit that the district court is entitled to honor.").

## CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DENY** Plaintiff's motion for extension of time to re-apply to proceed *in forma pauperis*, Doc. 6.

2. **DISMISS** this civil action without prejudice based on Plaintiff's failure to pay the filing fee and failure to comply with court orders.

3. **DIRECT** the clerk of court to close this case file.

At Panama City, Florida, this 12th day of November, 2025.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to a magistrate judge to make recommendations regarding dispositive matters.** *See* **28 U.S.C. § 636(b)(1)(B), (C). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only.</u> A party must serve a copy of any objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**